UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS BEARUP Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CINTAS CORP., a Washington corporation<br><br>Defendants | CASE NO<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Thomas Bearup Jr. brings this action on behalf of himself and all similarly-situated individuals (the "Class") who are "above-the-wing" flight attendants and customer-service agents, and "below the wing" operations agents working for Southwest Airlines ("Southwest") and who have been required to wear company-branded uniforms (the "Uniforms") manufactured by Cintas Corporation ("Cintas" or "Defendant").

2. Since the introduction of the Uniforms in 2017, Southwest employees, including Plaintiff, immediately began suffering a myriad of health problems from the uniforms including itchiness, rashes, hives, coughing, trouble breathing, tightness of the chest, hair loss, ear pain, blurry vision, anxiety, and lethargy. The reactions to the Uniforms have become so severe that many Southwest employees are forced to miss work and seek medical attention. Other Southwest employees fear reprimand and are hesitant to complain about their Uniforms, instead choosing to

suffer in silence. It is estimated that over 20,000 flight attendants, customer-service agents, and operations agents wear pieces from the Uniform collection manufactured by Defendant.

3. Plaintiff brings eight causes of action- negligence, strict design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, and injunctive relief.

4. Plaintiff seeks damages for his personal injuries, pain and suffering, severe emotional distress, property damages, financial or economic loss, including medical services and expenses, lost income, and other compensable injuries.

5. Plaintiff also seeks damages because the dye from the fabric of the Uniforms "bleed" directly on the wearer's skin, clothes, sheets, towels and other items, and permanently stain his possessions.

6. Plaintiff further seeks injunctive relief to require Cintas to recall the Uniforms so that they do not present a continuing risk of toxic exposure. Plaintiff also asks Cintas to establish a monitoring program to periodically assess whether the Uniforms have or are adversely affecting his health so that timely and necessary treatment may be administered.

7. Plaintiff alleges as follows as to himself, upon personal knowledge of his own facts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys:

**PARTIES**

8. Plaintiff Thomas Bearup Jr. is a natural person and a Tennessee citizen, residing in Mount Juliet, Tennessee.

9. Defendant Cintas is a Washington corporation with its headquarters and principal place of business at 6800 Cintas Blvd., Cincinnati, Ohio.

10. At all relevant times, Defendant was engaged in the business of manufacturing, marketing, advertising, distributing, selling, and warranting Cintas products, including the Uniforms manufactured for Southwest employees throughout the United States of America.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of the class is a citizen of a different state than Defendant.

12. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Washington state, and a substantial part of the harm, events, and conduct giving rise to Plaintiff's claims occurred in Washington state.

13. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is incorporated in this District, and because a substantial part of the events and conduct giving rise to Plaintiff's claims took place in this District.

## FACTUAL BACKGROUND

### *Southwest Introduces New Uniforms from Cintas*

14. On its website, Cintas describes itself as an industry leader in supplying corporate identity uniform programs and other specialized products and services to over one million customers that range from independent auto repair shops to large hotel chains. Cintas operates nearly 500 facilities in North America, including five manufacturing facilities and eleven distribution centers.

15. In September 2014, Southwest introduced its new *Heart* logo and brand, which Southwest described as "showcasing the strength of its nearly 46,000 employees…, whose dedication can be felt by every customer each time Southwest connects them to what's important in their life…"

16. As part of the newly unveiled brand, Southwest created an "Employee Design Team," consisting of 43 Southwest employees, that worked with Cintas to create the designs of the company's new Uniforms.

17. In 2016, Southwest publicly announced that Cintas would produce the airline's first uniform redesign in 20 years.

18. The new Uniforms were intended to replace the previous casual look with an updated, bolder look. The previous navy and khaki uniform colors were replaced with hues featured in the brand's color pallet, including bold blue, signature red, and summit silver.

19. The new clothing collection included 75 separate pieces, allowing employees to mix

and match the garments. Options for female flight attendants, customer service agents, and gate agents included shorts, slacks, a polo, and blouses in several colors, a skirt and two dresses—one charcoal gray with a narrow red stripe down the front, the other black with a swoosh of red and blue that is similar to the design of Southwest's planes. Male employees were able to choose among gray shorts and slacks, polo and button-down shirts, a gray dress vest and ties. Jackets were available for both men and women.

20. The official launch of the new Uniforms occurred on June 18, 2017.

***Southwest Employees Experience Adverse Health Reactions***

21. After the launch of the new Uniforms, Southwest employees began experiencing adverse health reactions including rashes, trouble breathing, fatigue and hair loss.

***Facts Specific to Plaintiff Thomas Bearup***

22. Plaintiff Thomas Bearup is a 50-year-old male that began working for Southwest in September 1997. Since then, Mr. Bearup has been employed as a flight attendant based out of Baltimore, Maryland.

23. After the Uniforms were introduced in 2017, Mr. Bearup immediately experienced adverse reactions to the Uniforms.

24. Mr. Bearup started developing rashes and hive around his eyes, under his arms, and on the inside of his elbows. When he would sweat, it would feel like he had acid on his face. His nose would seep out a clear liquid that would later dry and crack. Mr. Bearup would also experience shortness of breath, exhaustion, and lethargy after wearing the Uniforms.

25. Mr. Bearup typically worked for three consecutive days. However, after introduction of the Uniforms, Mr. Bearup would feel so ill at the end of his work schedule that he began cutting back on his hours. His symptoms would go away with a couple of days after taking off the Uniforms.

26. In 2018, Mr. Bearup contacted Southwest to obtain a replacement uniform. However, he was unable to obtain a suitable replacement.

27. Eventually, Mr. Bearups's reactions became so unbearable that he decided that he could no longer work.

28. In addition, the Uniforms worn by Mr. Bearup would bleed dye during washing, and caused damage to Mr. Bearup's other garments and personal belongings washed simultaneously with the Uniforms.

## CLASS ACTION ALLEGATIONS

29. Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of the following class and sub-class of similarly situated individuals:

> **Class:** All flight attendants, customer-service agents, and operations agents employed by Southwest in the United States who were required to wear *Heart* branded uniforms manufactured by Cintas.
>
> **Sub-Class:** All flight attendants, customer-service agents, and operations agents employed by Southwest in the United States who have experienced the bleeding of colors and/or crocking from the Cintas Uniforms onto their skin, accessories, other garments or furnishings resulting in property damage.
>
> Plaintiff reserves the right to define additional sub-classes at the time class certification is sought.

30. Excluded from the Class are : (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity:** The exact number of members of the Class is unknown and unavailable to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals, and their members can be identified through Defendant's records.

32. **Predominant Common Questions:** The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to, the following:

      a. Whether the Uniforms caused serious adverse health reactions to the Class members;

      b. Whether the conduct of Cintas violates warranty laws, and other laws as asserted herein;

      c. Whether the Uniforms bleed and crock resulting in dye leaching into Class members' skin, staining their clothing and other possessions, resulting in permanent damage to their possessions that come in contact with the Uniforms.

      d. Whether the conduct of Cintas was negligent;

      e. Whether Cintas should be strictly liable for producing dangerous uniforms;

      f. Whether Class members are entitled to monetary and equitable relief from Cintas.

33. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the other members of the Class have suffered similar injuries by the same wrongful practices by Cintas. The claims of Plaintiff and the other members of the Class all rise from the same wrongful practices and course of conduct, and are based on the same legal and remedial theories.

34. **Adequate Representation:** Plaintiff has and will continue to fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

35. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the members of the Class are in the millions of dollars, and are no less than $5,000,000, upon information and belief, the individual damages occurred by many members of the

Class resulting from Cintas' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action. In addition, Cintas has acted or refused to act on grounds generally applicable to the members of the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. This claim is brought on behalf of Plaintiff and the Class.

38. Defendant owes a duty to Plaintiff and the class, to use reasonable care in designing, developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms.

39. Defendant was negligent in failing to use reasonable care in designing, developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms. Defendant breached their aforementioned duty by:

    a. Failing to design the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiff, who wore the Uniforms and brought them into their homes;

    b. Failing to use reasonable care in the testing of the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiff, who wore

        the Uniforms and brought them into their homes;

    c. Failing to use reasonable care in inspecting the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiff, who wore the Uniforms and brought them into their homes;

    d. Failing to use reasonable care in collecting and/or analyzing adverse event reports prepared by Southwest Employees regarding the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiff, who wore the Uniforms and brought them into their homes; and

40. Otherwise negligently or carelessly developed, manufactured, promoted, packaged, marketed, distributed and sold the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiff, who wore the Uniforms and brought them into their homes.

41. As a direct and proximate result of Cintas' negligence, Plaintiff and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income and other damages.

## SECOND CAUSE OF ACTION
### (STRICT DESIGN DEFECT)

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43. This claim is brought on behalf of Plaintiff and the Class.

44. At all times material to this action, Defendant was responsible for designing, developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms.

45. The Uniforms are defective and unreasonably dangerous to Plaintiff and the class.

46. The Uniforms are defective in their design or formulation in that they are not reasonably fit, suitable, or safe for their intended purpose and/or its foreseeable risks exceed the benefits associated with their design and formulation.

47. At all times material to this action, the Uniforms were not safe and were not suited for the purposes for which Defendant, directly and indirectly, advertised, marketed, and promoted them at the time Defendant designed, manufactured, distributed, and sold the Uniforms and placed the Uniforms in the stream of commerce.

48. The Uniforms were defective and unreasonably dangerous when they left control of Defendant in one or more of the following manners:

   a. The risk associated with wearing the Uniforms far outweighs the utility derived from wearing them;

   b. Defendant failed to provide adequate warnings regarding the hazards associated with wearing the Uniforms;

   c. The Uniforms were defectively designed and unreasonably dangerous in design and composition in that other products could achieve similar results without the risks presented by the Uniforms; and

   d. The Uniforms failed to comply with the implied warranty that the product was safe when used for its intended purpose.

49. At the time the Uniforms left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of injuries to Plaintiff and the Class without impairing the reasonably anticipated or intended function of the Uniforms. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk and amount of injuries to Plaintiff and the Class without substantially impairing the Uniforms' utility.

50. As a direct and proximate result of Cintas' defective design of the Uniforms, Plaintiff and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income and other damages.

### THIRD CAUSE OF ACTION
### (MANUFACTURING DEFECT)

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

52. This claim is brought on behalf of Plaintiff and the Class.

53. The Uniforms manufactured by Cintas, which Plaintiff and the Class were required to wear during working hours, were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

54. As a direct and proximate result of Cintas' defective manufacturing of the Uniforms, Plaintiff and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income and other damages.

### FOURTH CAUSE OF ACTION
### (FAILURE TO WARN)

55. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

56. This claim is brought on behalf of Plaintiff and the Class.

57. The Uniforms manufactured by Cintas to be worn by Plaintiff were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

58. Defendant had a duty to warn Plaintiff and the Class of the risks and/or defects about which it knew or should have known.

59. Defendant failed to adequately warn Plaintiff that the Uniforms were unreasonably dangerous and defective because they could result in severe adverse health effects and/or property damage, including those enumerated in this Complaint.

60. At all times relevant hereto, Defendant intended the Southwest employees, including Plaintiff, to wear the Uniforms and knew or should have known that the Uniforms were defective and dangerous.

61. The Uniforms were used/worn by Plaintiff in a reasonably anticipated and foreseeable manner, and in the manner for which the Uniforms were intended.

62. At all relevant times hereto, Defendant was situated in the chain of commerce and transferred, sold, marketed, advertised, or distributed the Uniforms in the regular course of business.

63. At all times relevant hereto, the Uniforms were in the same, or substantially the same, defective and unreasonably dangerous condition when put to its reasonably anticipated and foreseeable use.

64. Defendant knew or should have known of the risk of injury from the Uniforms, but failed to provide adequate warning to users/wearers of the product, failed to immediately recall the Uniforms and continued to sell and distribute the Uniforms for use by Southwest employees. As a direct result, the Uniforms manufactured and/or supplied by Defendant were defective due to inadequate post-marketing warnings or instructions.

65. Had Defendant adequately warned Plaintiff and the Class, they would have been alerted to the problem and would have taken steps to avoid the adverse health consequences before they occurred.

66. As a direct and proximate result of Cintas' failure to warn as to the allergen and sensitizing properties of the Uniforms, Plaintiff and the Class have suffered and/or in the future will

suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income, and other damages.

**FIFTH CAUSE OF ACTION**
**(BREACH OF EXPRESS WARRANTY)**

67. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

68. This claim is brought on behalf of Plaintiff and the Class.

69. Based on information and belief, Defendant made assurances that they would take steps to ensure that the Uniforms would be safe and comfortable and reasonably fit for their intended purpose.

70. Upon information and belief, Plaintiff is the intended third-party beneficiaries of Cintas' warranties because there is a valid and binding contract between Southwest and Cintas, the contract was intended to protect the safety of Southwest employees who would be required to wear the Uniforms, and the benefit to the Southwest employees is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the Southwest employees if the benefit of the warranty is lost. Consequently, Plaintiff and the Class are in privity with Defendant.

71. To the extent required under applicable choice of law, Plaintiff reasonably relied upon Cintas' express warranties and guarantees that the Uniforms were safe, merchantable, and reasonably fit for their intended purpose.

72. Defendant breached their express warranties by selling unreasonably dangerous and defective uniforms jeopardizing the health and safety of the Southwest employees.

73. Based on information and belief, Plaintiff and the Class notified Cintas of the breach. Cintas was on notice of the breach of warranty well before Plaintiff began this litigation.

74. As a direct and proximate result of Cintas' breach of its express warranties, Plaintiff and the Class have suffered personal injuries, pain and suffering, emotional distress, property damage, financial and economic loss, including obligations for medical services and expenses, lost income and other damages.

### SIXTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY)

75. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

76. This claim is brought on behalf of Plaintiff and the Class.

77. The Uniforms are "goods" under the Uniform Commercial Code ("UCC").

78. Cintas is a "merchant" under the UCC.

79. Cintas impliedly warranted the merchantable quality of the Uniforms and that they were fit for the ordinary purpose for which they were intended.

80. Upon information and belief, Plaintiff and the Class are the intended third party beneficiaries of Cintas' warranties because there is a valid and binding contract between Southwest and Cintas, the contract was intended for the benefit of Southwest's flight attendants, customer-service agents, operations agents and other employees who would be required to wear the Uniforms, and the benefit to the flight attendants, customer-service agents, operations agents and other employees is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the Southwest employees if the benefit of the warranty is lost. Consequently, Plaintiff and the Class members are in privity with Defendant.

81. To the extent required under applicable choice of law, Plaintiff relied upon Cintas' implied warranties of merchantability in wearing and/or purchasing the Uniforms.

82. The Uniforms supplied by Defendant breached these implied warranties, jeopardizing the health, safety, and property of Plaintiff.

83. As a direct and proximate result of Cintas' breach of its implied warranties, Plaintiff and the Class have suffered personal injuries, pain and suffering, emotional distress, property damage, financial and economic loss, including obligations for medical services and expenses, lost income and other damages.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT ("MMWA") 15 U.S.C. § 2301, ET SEQ.)**

84. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

85. This claim is brought on behalf of Plaintiff and the Class.

86. Plaintiff is a "consumer" within the meaning of the MMWA.

87. Cintas is a "supplier" and "warrantor" within the meaning of the MMWA.

88. The Uniforms are "consumer products" within the meaning of the MMWA.

89. Defendant's written affirmations of fact, promises, and descriptions as alleged created written and/or implied warranties within the meaning of the MMWA. Defendant's written affirmations of fact, promises, and descriptions as alleged created a "written warranty" as to the Uniforms. There was an implied warranty for the sale of such product within the meaning of the MMWA. Such warranties were further described in the express and implied warranty count above. As detailed herein, Defendant breached these express and implied warranties, as the Uniforms were not fit for their intended use, were not defect free, and were harmful to Plaintiffs and the Class Members.

90. These defects existed when the Uniforms left Defendant's control.

91. Despite reasonable opportunity to honor its disclosure and remedy obligations, Cintas violated the MMWA, causing injury to Plaintiff and the Class.

92. The amount in controversy with respect to Plaintiff's individual claims meets or exceeds the sum or value of $25. There are more than 100 individuals in the Class. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

93. As a direct and proximate result of Cintas' violation of the MMWA, Plaintiff and the Class sustained damages and other losses in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(INJUNCTIVE RELIEF)**

94. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

95. This claim is brought on behalf of Plaintiff and the Class.

96. Plaintiffs and the Class have been, and continue to be, exposed to Cintas' dangerous Uniforms by virtue of their employment with Southwest.

97. As set forth above, Plaintiff has experienced adverse reactions from the exposure to the Uniforms. Some members of the Class continue to experience reactions as they wear the Uniforms. Other Southwest employees react to the Uniforms by merely being in their presence.

98. Many Southwest employees are susceptible to experiencing adverse reactions as result of their cumulative exposures to the allergens and sensitizers in and emanating from the Uniforms.

99. By providing the unsafe Uniforms to the Southwest employees and by failing to promptly recall the Uniforms, Cintas has exposed the Southwest employees to ongoing and future risks of adverse medical conditions.

100. Plaintiff and the Southwest employees have an increased risk of developing other medical conditions, including the triggering of various autoimmune conditions, adverse effects to the endocrine system, and damage to liver function.

101. As a remedy and to prevent further and continuing injuries to Southwest employees, Cintas should be ordered to recall all Uniforms that have been issued.

102. As an additional or alternative remedy, Cintas should establish and fund a medical monitoring fund in an amount that will assist in diagnosing and treating the adverse health effects experienced by Plaintiff and Southwest employees as a result of the Uniforms.

103. By actively monitoring and testing Plaintiff and Southwest employees, the risk that they will suffer long-term or latent injuries, diseases, or losses due to inadequate treatment will be significantly reduced.

104. Plaintiff seeks an injunction creating a court-supervised, defense-funded medical monitoring program that will facilitate the screening and diagnosis of Plaintiff and the Class for medical conditions resulting from their exposure to the Uniforms' allergens and sensitizers.

105. Plaintiff and the Class have no adequate remedy at law in that monetary damages alone cannot compensate them for past injuries and losses and/or prevent future injuries and losses.

106. Without injunctive relief in the form of a recall and/or medical monitoring program, Plaintiff and the Class will continue to face an unreasonable risk of preventable injury and disability.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the proposed Class, prays for judgment against Cintas granting the following relied:

A. Certifying this case a class action on behalf of the Class defined above, appointing Plaintiff to represent the Class, and Plaintiff's co-counsel as co-lead counsel;

B. All recoverable compensatory, statutory, and other damages sustained by Plaintiff and the other members of the Class.

C. Injunctive and declaratory relief;

D. Statutory pre-judgment interest on the damages;

E. Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

F. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

DATED:

By /s/ Maggie Diefenach
MAGGIE DIEFENBACH, WSBA #31176
**GORDON THOMAS HONEYWELL**
520 Pike Street, Suite 2350
Seattle, Washington 98101
(206) 676-7539 Telephone
(206) 676-7575 Facsimile
mdiefenbach@gth-law.com

-and-

KENT T. BRANDMEYER
(*pro hac vice* forthcoming)
YUK K. LAW
(*pro hac vice* forthcoming)
TREVOR C. WONG
(*pro hac vice* forthcoming)
**L&B LAW GROUP**
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
(626) 304-9500 Telephone
(626) 243-4799 Facsimile
kent@pasadenalawfirm.com
chuck@pasadenalawfirm.com
trevor@pasadenalawfirm.com

-and-

KEITH GRIFFIN
(*pro hac vice* forthcoming)
**GIRARDI & KEESE**
1126 Wilshire Boulevard,
Los Angeles, CA 90017
(213) 977-0211 Telephone
(213) 481-1554 Facsimile
kgriffin@girardikeese.com