1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS BEARUP JR., ANTONIA (TONYA) OSBORNE, and SONIA BOTTONA, on behalf of themselves and all others similarly situated, | ) **CASE No.:** 3:20-CV-05844 ) ) ) ) |
| Plaintiff, | ) **FIRST AMENDED CLASS ACTION** ) **COMPLAINT AND DEMAND FOR JURY** ) **TRIAL** |
| v. | ) |
| CINTAS CORP., a Washington corporation, CINTAS CORP. NO. 2, a Nevada corporation | ) ) ) |
| Defendants. | ) ) ) ) |

## INTRODUCTION

1.      Plaintiffs Thomas Bearup Jr., Antonia (Tonya) Osborne, and Sonia Bottona bring this action on behalf of themselves and all similarly-situated individuals (the "Class") who are "above-the-wing" flight attendants and customer-service agents, and "below the wing" operations agents working for Southwest Airlines ("Southwest") and who have been required to wear company-branded uniforms (the "Uniforms") manufactured by Cintas Corporation ("Cintas" or "Defendants").

2.      Since the introduction of the Uniforms in 2017, Southwest employees, including Plaintiffs, immediately began suffering a myriad of health problems from the uniforms including

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 1

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

itchiness, rashes, hives, coughing, trouble breathing, tightness of the chest, hair loss, ear pain, blurry vision, anxiety, and lethargy. The reactions to the Uniforms have become so severe that many Southwest employees are forced to miss work and seek medical attention. Other Southwest employees fear reprimand and are hesitant to complain about their Uniforms, instead choosing to suffer in silence. It is estimated that over 20,000 flight attendants, customer-service agents, and operations agents wear pieces from the Uniform collection manufactured and/or distributed by Defendants.

3. Plaintiffs bring eight causes of action- negligence, strict design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, and injunctive relief.

4. Plaintiffs seek damages for their personal injuries, pain and suffering, severe emotional distress, property damages, financial or economic loss, including medical services and expenses, lost income, and other compensable injuries.

5. Plaintiffs further seek injunctive relief to require Cintas to recall the Uniforms so that they do not present a continuing risk of toxic exposure. Plaintiffs also ask Cintas to establish a monitoring program to periodically assess whether the Uniforms have or are adversely affecting his health so that timely and necessary treatment may be administered.

6. Plaintiffs allege as follows as to themselves, upon personal knowledge of their own facts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys:

## PARTIES

7. Plaintiff Thomas Bearup Jr. is a natural person and a Tennessee citizen, residing in Mount Juliet, Tennessee.

8. Plaintiff Antonia (Tonya) Osborne is a natural person and a Florida citizen, residing in Melbourne, Florida.

9. Plaintiff Sonia Bottona is a natural person and a Florida citizen, residing in Cocoa

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 2

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

Beach, Florida.

10.    Additional Plaintiffs are included in the attached **Appendix A,** and their respective allegations are expressly incorporated herein.

11.    Defendant Cintas is a Washington corporation with its headquarters and principal place of business at 6800 Cintas Blvd., Cincinnati, Ohio.

12.    Defendant Cintas No. 2 is a Nevada corporation with its headquarters and principal place of business at 6800 Cintas Blvd., Cincinnati, Ohio.

13.    At all relevant times, Defendants were engaged in the business of manufacturing, marketing, advertising, distributing, selling, and warranting Cintas products, including the Uniforms manufactured for Southwest employees throughout the United States of America, including specifically in Washington state.

**JURISDICTION AND VENUE**

14.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of the class is a citizen of a different state than at least one Defendant.

15.    This Court has personal jurisdiction over Defendants because a substantial part of the harm, events, and conduct giving rise to Plaintiffs' claims occurred in Washington state and Defendant Cintas Corp. is incorporated in Washington state.

16.    Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant Cintas Corp. resides in this district and is subject to this court's personal jurisdiction, and all Defendants are residents of Washington state.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 3

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

**FACTUAL BACKGROUND**

***Southwest Introduces New Uniforms from Cintas***

17.     On its website, Cintas describes itself as an industry leader in supplying corporate identity uniform programs and other specialized products and services to over one million customers that range from independent auto repair shops to large hotel chains. Cintas operates nearly 500 facilities in North America, including five manufacturing facilities and eleven distribution centers.

18.     In September 2014, Southwest introduced its new *Heart* logo and brand, which Southwest described as "showcasing the strength of its nearly 46,000 employees…, whose dedication can be felt by every customer each time Southwest connects them to what's important in their life…"

19.     As part of the newly unveiled brand, Southwest created an "Employee Design Team," consisting of 43 Southwest employees, that worked with Cintas to create the designs of the company's new Uniforms.

20.     In 2016, Southwest publicly announced that Cintas would produce the airline's first uniform redesign in 20 years.

21.     The new Uniforms were intended to replace the previous casual look with an updated, bolder look. The previous navy and khaki uniform colors were replaced with hues featured in the brand's color pallet, including bold blue, signature red, and summit silver.

22.      The new clothing collection included 75 separate pieces, allowing employees to mix and match the garments. Options for female flight attendants, customer service agents, and gate agents included shorts, slacks, a polo, and blouses in several colors, a skirt and two dresses—one charcoal gray with a narrow red stripe down the front, the other black with a swoosh of red and blue that is similar to the design of Southwest's planes. Male employees were able to choose among gray shorts and slacks, polo and button-down shirts, a gray dress vest and ties. Jackets were available for both men and women.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 4

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

23.     The official launch of the new Uniforms occurred on June 18, 2017.

### *Southwest Employees Experience Adverse Health Reactions*

24.     After the launch of the new Uniforms, Southwest employees began experiencing adverse health reactions including rashes, trouble breathing, fatigue and hair loss.

### *Facts Specific to Plaintiff Thomas Bearup*

25.     Plaintiff Thomas Bearup is a 50-year-old male who began working for Southwest in September 1997. Since then, Mr. Bearup has been employed as a flight attendant based out of Baltimore, Maryland.

26.     After the Uniforms were introduced in 2017, Mr. Bearup experienced adverse reactions to the Uniforms.

27.     Mr. Bearup started developing rashes and hive around his eyes, under his arms, and on the inside of his elbows. When he would sweat, it would feel like he had acid on his face. His nose would seep out a clear liquid that would later dry and crack.  Mr. Bearup would also experience shortness of breath, exhaustion, and lethargy after wearing the Uniforms.

28.     Mr. Bearup typically worked for three consecutive days. However, after introduction of the Uniforms, Mr. Bearup would feel so ill at the end of his work schedule that he began cutting back on his hours. His symptoms would go away with a couple of days after taking off the Uniforms.

29.     In 2018, Mr. Bearup contacted Southwest to obtain a replacement uniform. However, he was unable to obtain a suitable replacement.

30.     Eventually, Mr. Bearups's reactions became so unbearable that he decided that he could no longer work.

### *Facts Specific to Plaintiff (Antonia) Tonya Osborne*

31.     Plaintiff Tonya Osborne is a 63-year-old female who began working for Southwest in September 1999. Since then, Ms. Osborne has been employed as a flight attendant based out of Orlando, Florida.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 5

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

32.     Ms. Osborne started developing health problems in early 2018. In February 2018, Ms. Osborne started developing migraines and sinus infections. In May of 2018, she began breaking out in rashes all over her body. Her primary care doctor diagnosed her with hives and prescribed her steroid treatment.

33.     Her steroid treatment provided her minimal relief, and she continued to experience rashes and blisters that made her skin feel like it was burning. Her reactions became so severe that she was forced to miss work. In order to avoid using up her sick leave, Ms. Osborne paid other flight attendants to pick up her flights, costing her hundreds of dollars.

34.     In September of 2018, Ms. Osborne submitted a request to Southwest for an alternative uniform, noting her financial hardships due to her many doctor visits and unavailability to work. Her dermatologist noted that if Ms. Osborne continued to wear her uniform, she would continue to suffer from severe rashes that may reduce her ability to perform her duties.

35.     Ms. Osborne was unable to obtain a suitable replacement from the alternative uniforms offered by Southwest. On one occasion, Ms. Osborne broke out in a rash after trying on an alternative blouse sent to her by Southwest.

36.     In January 2019, Ms. Osborne sent a request for approval for two shirts that she found on her own to Southwest's accommodations team. Her request was later approved.

37.     Despite her new alternative uniform, Ms. Osborne remained apprehensive about being near the previous Uniforms at work. On one occasion, Ms. Osborne ran into a colleague who was wearing the Uniform and gave her a hug, causing her to break out in a rash.

### Facts Specific to Plaintiff Sonia Bottona

38.     Plaintiff Sonia Bottona is a 57-year-old female who began working for Southwest in 2014. Since then, Ms. Bottona has been employed as a ground operations agent based out of Orlando Florida.

39.     Since 2014 when Ms. Bottona was first employed by Southwest, she did not

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 6

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

suffer any symptoms related to her previous uniform. However, soon after the Uniforms were introduced in 2017, Ms. Bottona started experiencing several symptoms including trouble breathing, coughing, fatigue, headaches, rashes, hives, and tightness of the chest. In particular, Ms. Bottona started experiencing severe rashes on her arms, back, chest, and legs.

40.    Ms. Bottona tried several things to reduce her symptoms including changing her soap and taking medication including Benadryl, Cortisone, and Hydroxyzine, all to no success.

41.    Curious to learn the cause of her symptoms, Ms. Bottona began researching online and read from an online Facebook community that many other employees were experiencing similar symptoms. It was not until early 2020 that Ms. Bottona realized that her symptoms were caused by the new Uniforms.

42.    To this day, Ms. Bottona still wears the Uniforms, and she continues to suffer from the above symptoms to various degrees of severity.

## CLASS ACTION ALLEGATIONS

43.    Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and the following class of similarly situated individuals:

> **Class:** All flight attendants, customer-service agents, and operations agents employed by Southwest in the United States who were required to wear *Heart* branded uniforms manufactured by Cintas.
>
> Plaintiffs reserve the right to define additional sub-classes at the time class certification is sought.

44.    Excluded from the Class are : (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 7

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

excluded persons.

45.     **Numerosity:** The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals, and their members can be identified through Defendants' records.

46.     **Predominant Common Questions:** The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to, the following:

> a.   Whether the Uniforms caused serious adverse health reactions to the Class members;
>
> b.   Whether the conduct of Cintas violates warranty laws, and other laws as asserted herein;
>
> c.   Whether the conduct of Cintas was negligent;
>
> d.   Whether Cintas should be strictly liable for producing dangerous uniforms;
>
> e.   Whether Class members are entitled to monetary and equitable relief from Cintas.

47.     **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and the other members of the Class have suffered similar injuries by the same wrongful practices by Cintas. The claims of Plaintiffs and the other members of the Class all rise from the same wrongful practices and course of conduct, and are based on the same legal and remedial theories.

48.     **Adequate Representation:** Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs. Plaintiffs and their

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 8

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

49. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the members of the Class are in the millions of dollars, and are no less than $5,000,000, upon information and belief, the individual damages occurred by many members of the Class resulting from Cintas' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action. In addition, Cintas has acted or refused to act on grounds generally applicable to the members of the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

50. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

51. This claim is brought on behalf of Plaintiffs and the Class.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 9

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

52.     Defendants owe a duty to Plaintiffs and the class, to use reasonable care in designing, developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms.

53.     Defendants were negligent in failing to use reasonable care in designing, developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms. Defendants breached their aforementioned duty by:

      a.   Failing to design the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiffs, who wore the Uniforms and brought them into their homes;

      b.   Failing to use reasonable care in the testing of the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiffs, who wore the Uniforms and brought them into their homes;

      c.   Failing to use reasonable care in inspecting the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiffs, who wore the Uniforms and brought them into their homes;

      d.   Failing to use reasonable care in collecting and/or analyzing adverse event reports prepared by Southwest Employees regarding the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiffs, who wore the Uniforms and brought them into their homes; and

54.     Otherwise negligently or carelessly developed, manufactured, promoted, packaged, marketed, distributed and sold the Uniforms so as to avoid an unreasonable risk of harm to Southwest employees, including Plaintiffs, who wore the Uniforms and brought them into their homes.

55.     As a direct and proximate result of Cintas' negligence, Plaintiffs and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 10

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

1    expenses, lost income and other damages.

2

3                              **SECOND CAUSE OF ACTION**
                               **(STRICT DESIGN DEFECT)**
4

5    56.     Plaintiffs incorporate by reference the allegations contained in the preceding

6    paragraphs of this Complaint.

7    57.     This claim is brought on behalf of Plaintiffs and the Class.

8    58.     At all times material to this action, Defendants were responsible for designing,

9    developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the

10   Uniforms.

11   59.     The Uniforms are defective and unreasonably dangerous to Plaintiffs and the

12   class.

13   60.     The Uniforms are defective in their design or formulation in that they are not

14   reasonably fit, suitable, or safe for their intended purpose and/or its foreseeable risks exceed the

15   benefits associated with their design and formulation.

16   61.     At all times material to this action, the Uniforms were not safe and were not

17   suited for the purposes for which Defendants, directly and indirectly, advertised, marketed, and

18   promoted them at the time Defendants designed, manufactured, distributed, and sold the

19   Uniforms and placed the Uniforms in the stream of commerce.

20   62.     The Uniforms were defective and unreasonably dangerous when they left control

21   of Defendants in one or more of the following manners:

22          a.    The risk associated with wearing the Uniforms far outweighs the utility derived

23                from wearing them;

24          b.    Defendants failed to provide adequate warnings regarding the hazards associated

25                with wearing the Uniforms;

26

27   First Amended Class Action Complaint                        L&B Law Group
     Case No. 3:20-CV-05844                              2 North Lake Avenue, Suite 820
28   Page 11                                                   Pasadena, CA 91101
                                                              Tel (626) 304-9500

c. The Uniforms were defectively designed and unreasonably dangerous in design and composition in that other products could achieve similar results without the risks presented by the Uniforms; and

d. The Uniforms failed to comply with the implied warranty that the product was safe when used for its intended purpose.

63. At the time the Uniforms left the control of Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of injuries to Plaintiffs and the Class without impairing the reasonably anticipated or intended function of the Uniforms. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk and amount of injuries to Plaintiffs and the Class without substantially impairing the Uniforms' utility.

64. As a direct and proximate result of Cintas' defective design of the Uniforms, Plaintiffs and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income and other damages.

### THIRD CAUSE OF ACTION
### (MANUFACTURING DEFECT)

65. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

66. This claim is brought on behalf of Plaintiffs and the Class.

67. The Uniforms manufactured by Cintas, which Plaintiffs and the Class were required to wear during working hours, were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

68. As a direct and proximate result of Cintas' defective manufacturing of the Uniforms, Plaintiffs and the Class have suffered and/or in the future will suffer personal injuries,

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 12

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income and other damages.

**FOURTH CAUSE OF ACTION**
**(FAILURE TO WARN)**

69.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

70.    This claim is brought on behalf of Plaintiffs and the Class.

71.    The Uniforms manufactured by Cintas to be worn by Plaintiffs were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

72.    Defendants had a duty to warn Plaintiffs and the Class of the risks and/or defects about which it knew or should have known.

73.    Defendants failed to adequately warn Plaintiffs that the Uniforms were unreasonably dangerous and defective because they could result in severe adverse health effects and/or property damage, including those enumerated in this Complaint.

74.    At all times relevant hereto, Defendants intended the Southwest employees, including Plaintiffs, to wear the Uniforms and knew or should have known that the Uniforms were defective and dangerous.

75.    The Uniforms were used/worn by Plaintiffs in a reasonably anticipated and foreseeable manner, and in the manner for which the Uniforms were intended.

76.    At all relevant times hereto, Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised, or distributed the Uniforms in the regular course of business.

77.    At all times relevant hereto, the Uniforms were in the same, or substantially the same, defective and unreasonably dangerous condition when put to its reasonably anticipated and foreseeable use.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 13

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

78.     Defendants knew or should have known of the risk of injury from the Uniforms, but failed to provide adequate warning to users/wearers of the product, failed to immediately recall the Uniforms and continued to sell and distribute the Uniforms for use by Southwest employees. As a direct result, the Uniforms manufactured and/or supplied by Defendants were defective due to inadequate post-marketing warnings or instructions.

79.     Had Defendants adequately warned Plaintiffs and the Class, they would have been alerted to the problem and would have taken steps to avoid the adverse health consequences before they occurred.

80.     As a direct and proximate result of Cintas' failure to warn as to the allergen and sensitizing properties of the Uniforms, Plaintiffs and the Class have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, property damage, financial or economic loss, including medical services and expenses, lost income, and other damages.

**FIFTH CAUSE OF ACTION**
**(BREACH OF EXPRESS WARRANTY)**

81.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

82.     This claim is brought on behalf of Plaintiffs and the Class.

83.     Based on information and belief, Defendants made assurances that they would take steps to ensure that the Uniforms would be safe and comfortable and reasonably fit for their intended purpose.

84.     Upon information and belief, Plaintiffs and the Class are the intended third-party beneficiaries of Cintas' warranties because there is a valid and binding contract between Southwest and Cintas, the contract was intended to protect the safety of Southwest employees who would be required to wear the Uniforms, and the benefit to the Southwest employees is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 14

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

parties of a duty to compensate the Southwest employees if the benefit of the warranty is lost. Consequently, Plaintiffs and the Class are in privity with Defendants.

85. To the extent required under applicable choice of law, Plaintiffs and the Class reasonably relied upon Cintas' express warranties and guarantees that the Uniforms were safe, merchantable, and reasonably fit for their intended purpose.

86. Defendants breached their express warranties by selling unreasonably dangerous and defective uniforms jeopardizing the health and safety of the Southwest employees.

87. Based on information and belief, Plaintiffs and the Class notified Cintas of the breach. Cintas was on notice of the breach of warranty well before Plaintiffs began this litigation.

88. As a direct and proximate result of Cintas' breach of its express warranties, Plaintiffs and the Class have suffered personal injuries, pain and suffering, emotional distress, property damage, financial and economic loss, including obligations for medical services and expenses, lost income and other damages.

## SIXTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY)

89. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

90. This claim is brought on behalf of Plaintiffs and the Class.

91. The Uniforms are "goods" under the Uniform Commercial Code ("UCC").

92. Cintas is a "merchant" under the UCC.

93. Cintas impliedly warranted the merchantable quality of the Uniforms and that they were fit for the ordinary purpose for which they were intended.

94. Upon information and belief, Plaintiffs and the Class are the intended third party beneficiaries of Cintas' warranties because there is a valid and binding contract between Southwest and Cintas, the contract was intended for the benefit of Southwest's flight attendants, customer-service agents, operations agents and other employees who would be required to wear

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 15

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

the Uniforms, and the benefit to the flight attendants, customer-service agents, operations agents and other employees is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the Southwest employees if the benefit of the warranty is lost. Consequently, Plaintiffs and the Class members are in privity with Defendants.

95.     To the extent required under applicable choice of law, Plaintiffs relied upon Cintas' implied warranties of merchantability in wearing and/or purchasing the Uniforms.

96.     The Uniforms supplied by Defendants breached these implied warranties, jeopardizing the health, safety, and property of Plaintiffs.

97.     As a direct and proximate result of Cintas' breach of its implied warranties, Plaintiffs and the Class have suffered personal injuries, pain and suffering, emotional distress, property damage, financial and economic loss, including obligations for medical services and expenses, lost income and other damages.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT ("MMWA") 15 U.S.C. § 2301, ET SEQ.)

98.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

99.     This claim is brought on behalf of Plaintiffs and the Class.

100.    Plaintiffs are "consumers" within the meaning of the MMWA.

101.    Cintas is a "supplier" and "warrantor" within the meaning of the MMWA.

102.    The Uniforms are "consumer products" within the meaning of the MMWA.

103.    Defendants' written affirmations of fact, promises, and descriptions as alleged created written and/or implied warranties within the meaning of the MMWA. Defendants' written affirmations of fact, promises, and descriptions as alleged created a "written warranty" as to the Uniforms. There was an implied warranty for the sale of such product within the meaning of the MMWA. Such warranties were further described in the express and implied warranty

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 16

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

count above. As detailed herein, Defendants breached these express and implied warranties, as the Uniforms were not fit for their intended use, were not defect free, and were harmful to Plaintiffs and the Class Members.

104.    These defects existed when the Uniforms left Defendants' control.

105.    Despite reasonable opportunity to honor its disclosure and remedy obligations, Defendants violated the MMWA, causing injury to Plaintiffs and the Class.

106.    The amount in controversy with respect to Plaintiffs' individual claims meets or exceeds the sum or value of $25. There are more than 100 individuals in the Class. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

107.    As a direct and proximate result of Cintas' violation of the MMWA, Plaintiffs and the Class sustained damages and other losses in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

108.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

109.    This claim is brought on behalf of Plaintiffs and the Class.

110.    Plaintiffs and the Class have been, and continue to be, exposed to Cintas' dangerous Uniforms by virtue of their employment with Southwest.

111.    As set forth above, Plaintiffs have experienced adverse reactions from the exposure to the Uniforms. Some members of the Class continue to experience reactions as they wear the Uniforms. Other Southwest employees react to the Uniforms by merely being in their presence.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 17

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

112.     Many Southwest employees are susceptible to experiencing adverse reactions as result of their cumulative exposures to the allergens and sensitizers in and emanating from the Uniforms.

113.     By providing the unsafe Uniforms to the Southwest employees and by failing to promptly recall the Uniforms, Cintas has exposed the Southwest employees to ongoing and future risks of adverse medical conditions.

114.     Plaintiffs and the Southwest employees have an increased risk of developing other medical conditions, including the triggering of various autoimmune conditions, adverse effects to the endocrine system, and damage to liver function.

115.     As a remedy and to prevent further and continuing injuries to Southwest employees, Cintas should be ordered to recall all Uniforms that have been issued.

116.     As an additional or alternative remedy, Cintas should establish and fund a medical monitoring fund in an amount that will assist in diagnosing and treating the adverse health effects experienced by Plaintiffs and Southwest employees as a result of the Uniforms.

117.     By actively monitoring and testing Plaintiffs and Southwest employees, the risk that they will suffer long-term or latent injuries, diseases, or losses due to inadequate treatment will be significantly reduced.

118.     Plaintiffs seek an injunction creating a court-supervised, defense-funded medical monitoring program that will facilitate the screening and diagnosis of Plaintiffs and the Class for medical conditions resulting from their exposure to the Uniforms' allergens and sensitizers.

119.     Plaintiff and the Class have no adequate remedy at law in that monetary damages alone cannot compensate them for past injuries and losses and/or prevent future injuries and losses.

120.     Without injunctive relief in the form of a recall and/or medical monitoring program, Plaintiff and the Class will continue to face an unreasonable risk of preventable injury and disability.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 18

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

1

## **PRAYER FOR RELIEF**

2      **WHEREFORE,** Plaintiffs, on behalf of themselves and the proposed Class, pray for

3 judgment against Cintas granting the following relied:

4      A.     Certifying this case a class action on behalf of the Class defined above, appointing

5 Plaintiffs to represent the Class, and Plaintiffs' co-counsel as co-lead counsel;

6      B.     All recoverable compensatory, statutory, and other damages sustained by

7 Plaintiffs and the other members of the Class.

8      C.     Injunctive and declaratory relief;

9      D.     Statutory pre-judgment interest on the damages;

10      E.     Payment of reasonable attorneys' fees and costs as may be allowable under

11 applicable law; and

12      F.     Such other relief as the Court may deem just and proper.

13

## **DEMAND FOR JURY TRIAL**

14      Plaintiffs demand a trial by jury for all issues so triable.

15

16 DATED: October 20, 2020

17      By */s/ Maggie Diefenbach*
          MAGGIE DIEFENBACH

18          WSBA #31176
          **GORDON THOMAS HONEYWELL**

19          520 Pike Street, Suite 2350
          Seattle, Washington 98101

20          (206) 676-7539 Telephone
          (206) 676-7575 Facsimile

21          mdiefenbach@gth-law.com

22          -and-

23          (continued on following page)

24

25

26

27 First Amended Class Action Complaint          L&B Law Group

28 Case No. 3:20-CV-05844          2 North Lake Avenue, Suite 820
Page 19          Pasadena, CA 91101
          Tel (626) 304-9500

KENT T. BRANDMEYER
(*Admitted Pro Hac Vice*)
YUK K. LAW
(*Admitted Pro Hac Vice*)
TREVOR C. WONG
(*Admitted Pro Hac Vice*)
**L&B LAW GROUP**
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
(626) 304-9500 Telephone
(626) 243-4799 Facsimile
kent@pasadenalawfirm.com
chuck@pasadenalawfirm.com
trevor@pasadenalawfirm.com

-and-

KEITH GRIFFIN
(*Admitted Pro Hac Vice*)
**GIRARDI & KEESE**
1126 Wilshire Boulevard,
Los Angeles, CA 90017
(213) 977-0211 Telephone
(213) 481-1554 Facsimile
kgriffin@girardikeese.com

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 20

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of October, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF Electronic Filing System which will send notification of such filing to all parties of record.

_/s/ William E. Engell_____
William E. Engell, Legal Assistant
GORDON THOMAS HONEYWELL LLP

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

**Appendix A**

1. Based upon information and belief, Plaintiff, DANIELLE ROBERTS, a flight attendant, is a resident and citizen of Illinois and is currently domiciled in Chicago, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff, DANIELLE ROBERTS, is a citizen of Illinois. Plaintiff, DANIELLE ROBERTS, is an employee of Southwest, and whose symptoms include fatigue, headaches, and tightness of chest that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

2. Based upon information and belief, Plaintiff, MARK JONES, a flight attendant, is a resident and citizen of Maryland and is currently domiciled in Baltimore, Maryland. For purposes of 28 U.S.C. § 1332, Plaintiff, MARK JONES, is a citizen of Maryland. Plaintiff, MARK JONES, is an employee of Southwest, and whose symptoms include fatigue, headaches, rashes, itchiness, and easily agitated or angered that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

3. Based upon information and belief, Plaintiff, CANDILYN INOS, a flight attendant, is a resident and citizen of California and is currently domiciled in Oakland, California. For purposes of 28 U.S.C. § 1332, Plaintiff, CANDILYN INOS, is a citizen of California. Plaintiff, CANDILYN INOS, is an employee of Southwest, and whose symptoms include rashes, itchiness, and hives that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

4. Based upon information and belief, Plaintiff, DELORES NARANCICH, a flight attendant, is a resident and citizen of Illinois and is currently domiciled in Chicago, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff, DELORES NARANCICH, is a citizen of Illinois. Plaintiff, DELORES NARANCICH, is an employee of Southwest, and

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 22

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

whose symptoms include headaches, rashes, itchiness, bruising, hives, and cysts that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

5.  Based upon information and belief, Plaintiff, ANDREA CARTER, a flight attendant, is a resident and citizen of Maryland and is currently domiciled in Pasadena, Maryland. For purposes of 28 U.S.C. § 1332, Plaintiff, ANDREA CARTER, is a citizen of Maryland. Plaintiff, ANDREA CARTER, is an employee of Southwest, and whose symptoms include rashes, itchiness, and vocal cord dysfunction that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

6.  Based upon information and belief, Plaintiff, LOGAN MODROVSKY, a ramp agent, is a resident and citizen of Arizona and is currently domiciled in Phoenix, Arizona. For purposes of 28 U.S.C. § 1332, Plaintiff, LOGAN MODROVSKY, is a citizen of Arizona. Plaintiff, LOGAN MODROVSKY, is an employee of Southwest, and whose symptoms include rashes, hives, chest pain, headaches, and itchiness that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

7.  Based upon information and belief, Plaintiff SUZANNE KERST, a flight attendant, is a resident and citizen of California and is currently domiciled in Sacramento, California. For purposes of 28 U.S.C. § 1332, Plaintiff, SUZANNE KERST, is a citizen of California. Plaintiff, SUZANNE KERST, is an employee of Southwest, and whose symptoms include fatigue, headaches, itchiness, anxiety, and cysts that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 23

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

8. Based upon information and belief, Plaintiff JOHN NICOLLET, a flight attendant, is a resident and citizen of Texas and is currently domiciled in Fort Worth, Texas. For purposes of 28 U.S.C. § 1332, Plaintiff, JOHN NICOLLET, is a citizen of Texas. Plaintiff, JOHN NICOLLET, is an employee of Southwest, and whose symptoms include headaches, trouble concentrating, easily agitated or angered, and fuzzy memory that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

9. Based upon information and belief, Plaintiff PAMELA MASTEN, a flight attendant, is a resident and citizen of California and is currently domiciled in Salida, California. For purposes of 28 U.S.C. § 1332, Plaintiff, PAMELA MASTEN, is a citizen of California. Plaintiff, PAMELA MASTEN, is an employee of Southwest, and whose symptoms include rashes and anxiety that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

10. Based upon information and belief, Plaintiff MICHAEL BARNES, an operations agent, is a resident and citizen of Colorado and is currently domiciled in Denver, Colorado. For purposes of 28 U.S.C. § 1332, Plaintiff, MICHAEL BARNES, is a citizen of Colorado. Plaintiff, MICHAEL BARNES, is an employee of Southwest, and whose symptoms include rashes, itchiness, and hives that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

11. Based upon information and belief, Plaintiff DAVID ROBERTS, a manager, is a resident and citizen of Illinois and is currently domiciled in Chicago, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff, DAVID ROBERTS, is a citizen of Illinois. Plaintiff, DAVID ROBERTS, is an employee of Southwest, and whose symptoms include trouble

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 24

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

breathing, rashes, itchiness, tightness of chest, and anxiety that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

12. Based upon information and belief, Plaintiff BRANDI WILLIS, a flight attendant, is a resident and citizen of Oklahoma and is currently domiciled in Tulsa, Oklahoma. For purposes of 28 U.S.C. § 1332, Plaintiff, BRANDI WILLIS, is a citizen of Oklahoma. Plaintiff, BRANDI WILLIS, is an employee of Southwest, and whose symptoms include rashes, itchiness, and hives that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

13. Based upon information and belief, Plaintiff ALEXANDER MANSI, a flight attendant, is a resident and citizen of Massachusetts and is currently domiciled in Massachusetts. For purposes of 28 U.S.C. § 1332, Plaintiff, ALEXANDER MANSI, is a citizen of Massachusetts. Plaintiff, ALEXANDER MANSI, is an employee of Southwest, and whose symptoms include rashes, itchiness, and scars that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

14. Based upon information and belief, Plaintiff JOHNETTA MORGAN, a flight attendant, is a resident and citizen of Florida and is currently domiciled in Miami, Florida. For purposes of 28 U.S.C. § 1332, Plaintiff, JOHNETTA MORGAN, is a citizen of Florida. Plaintiff, JOHNETTA MORGAN, is an employee of Southwest, and whose symptoms include itchy skin on her legs, stomach, breasts, and back that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

15. Based upon information and belief, Plaintiff KATRINA KIMBLE, a flight attendant, is a resident and citizen of Texas and is currently domiciled in Austin, Texas. For purposes of 28 U.S.C. §

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 25

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

1332, Plaintiff, KATRINA KIMBLE, is a citizen of Texas. Plaintiff, KATRINA KIMBLE, is an employee of Southwest, and whose symptoms include coughing, fatigue, headaches, rashes, itchiness, depression, easily agitated or angered, and fuzzy memory that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

16. Based upon information and belief, Plaintiff MARSHA ELLIOT, a flight attendant, is a resident and citizen of Nevada and is currently domiciled in Las Vegas, Nevada. For purposes of 28 U.S.C. § 1332, Plaintiff, MARSHA ELLIOT, is a citizen of Nevada. Plaintiff, MARSHA ELLIOT, is an employee of Southwest, and whose symptoms include welts, rashes, auto immune issues, and headaches that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

17. Based upon information and belief, Plaintiff EDLYN OSAM, a flight attendant, is a resident and citizen of Florida and is currently domiciled in Miami, Florida. For purposes of 28 U.S.C. § 1332, Plaintiff, EDLYN OSAM, is a citizen of Florida. Plaintiff, EDLYN OSAM, is an employee of Southwest, and whose symptoms include rashes that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

18. Based upon information and belief, Plaintiff DAN CHRISTIAN, a pilot, is a resident and citizen of Washington D.C. and is currently domiciled in Washington D.C. For purposes of 28 U.S.C. § 1332, Plaintiff, DAN CHRISTIAN, is a citizen of Washington D.C. Plaintiff, DAN CHRISTIAN, is an employee of Southwest, and whose symptoms include rashes and itchiness that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 26

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

19. Based upon information and belief, Plaintiff BRITIN STONE, a flight attendant, is a resident and citizen of Oklahoma and is currently domiciled in Tulsa, Oklahoma. For purposes of 28 U.S.C. § 1332, Plaintiff, BRITIN STONE, is a citizen of Oklahoma. Plaintiff, BRITIN STONE, is an employee of Southwest, and whose symptoms include rashes and itchiness that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

20. Based upon information and belief, Plaintiff SAMMY REYNAERT, a ground operations agent, is a resident and citizen of California and is currently domiciled in Fontana, California. For purposes of 28 U.S.C. § 1332, Plaintiff, SAMMY REYNAERT, is a citizen of California. Plaintiff, SAMMY REYNAERT, is an employee of Southwest, and whose symptoms include rashes and itchiness that did not occur until he was exposed to the Southwest's garments and are a result of said exposure.

21. Based upon information and belief, Plaintiff SELENA GONZALEZ, a customer service agent, is a resident and citizen of Texas and is currently domiciled in Midland, Texas. For purposes of 28 U.S.C. § 1332, Plaintiff, SELENA GONZALEZ, is a citizen of Texas. Plaintiff, SELENA GONZALEZ, is an employee of Southwest, and whose symptoms include fatigue, itchiness, bruising, and anxiety that did not occur until she was exposed to the Southwest's garments and are a result of said exposure.

22. Based upon information and belief, Plaintiff JAMES ANDREWS, a flight attendant, is a resident and citizen of Indiana and is currently domiciled in Greenwood, Indiana. For purposes of 28 U.S.C. § 1332, Plaintiff, JAMES ANDREWS, is a citizen of Indiana. Plaintiff, JAMES ANDREWS, is an employee of Southwest, and whose symptoms include fatigue, itchiness, trouble concentrating, and easily agitated or angered that did

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 27

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500

not occur until he was exposed to the Southwest's garments and are a result of said exposure.

First Amended Class Action Complaint
Case No. 3:20-CV-05844
Page 28

L&B Law Group
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
Tel (626) 304-9500