**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **THOMAS BEARUP JR., et al.** | **Case No. 1:21-cv-00151-MWM** |
| **Plaintiffs,** | **Judge Matthew W. McFarland** |
| **v.** | |
| **CINTAS CORPORATION NO. 2,** | |
| **Defendant.** | |

**DEFENDANT CINTAS CORPORATION NO.2's ANSWER**
**TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Cintas Corporation No. 2 (hereinafter referred to as "Cintas") responds to Plaintiffs' First Amended Class Action Complaint and Demand for Jury Trial (the "Amended Complaint") as follows:

**PRELIMINARY STATEMENT**

Cintas, by and through its counsel, answers the Amended Complaint of Plaintiffs Thomas Bearup, Jr., Antonia (Tonya) Osborne, and Sonia Bottona (hereinafter "Plaintiffs") as set forth herein. Cintas denies all allegations contained in section headings or other portions of the Amended Complaint that are not contained within the specifically numbered Paragraphs. All of Plaintiffs' allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Amended Complaint as a whole.

These comments and objections are incorporated, to the extent appropriate, into each numbered Paragraph in the Answer:

1.     Cintas specifically denies that Plaintiffs can bring and maintain their claims as a class action.  Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and, therefore, denies such allegations.

2.     Paragraph 2 of the Amended Complaint makes introductory and/or conclusory statements to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 2.

3.     Paragraph 3 of the Amended Complaint makes introductory and/or conclusory statements to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 3.

4.     Paragraph 4 of the Amended Complaint makes introductory and/or conclusory statements to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 4.

5.     Paragraph 5 of the Amended Complaint makes introductory and/or conclusory statements to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 5.

6.     Paragraph 6 of the Amended Complaint makes introductory and/or conclusory statements to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 6.

## **PARTIES**

7.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, therefore, denies such allegations.

8.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and, therefore, denies such allegations.

9.      Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and, therefore, denies such allegations.

10.     Cintas admits that Plaintiffs purport to incorporate the allegations contained in Appendix A.  Except as expressly admitted, Cintas denies any and all remaining allegations in Paragraph 10.

11.     Cintas Corporation was dismissed from this action on February 9, 2021 [Dkt. 30] and, therefore, no response to Paragraph 11 is required.

12.     Cintas admits that it is a Nevada corporation with its principal place of business located at 6800 Cintas Blvd., Mason, Ohio 45040.

13.     Cintas admits that it contracts with third parties to manufacture uniforms for Southwest Airlines, and that it distributes these uniforms according to the terms of its agreement with Southwest Airlines.  Except as expressly admitted, Cintas denies any and all remaining allegations in Paragraph 13.

## JURISDICTION AND VENUE

14.     Paragraph 14 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 14.

15.     Paragraph 15 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in Paragraph 15.

16.     Paragraph 16 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies any and all allegations in

Paragraph 16. Further responding, Cintas states that this matter was transferred to United States District Court for the Southern District of Ohio on March 4, 2021 [Dkt. 31].

## FACTUAL BACKGROUND

17.     To the extent Paragraph 17 purports to quote from a document, the document speaks for itself, and to the extent the allegations in Paragraph 17 vary therefrom, Cintas denies those allegations.

18.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, therefore, denies such allegations.

19.     Cintas admits that it worked with a group of Southwest Airlines employees to help create designs for Southwest Airlines uniforms. Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and, therefore, denies such allegations.

20.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, therefore, denies such allegations.

21.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, therefore, denies such allegations.

22.     Cintas admits that it provided over 70 separate pieces of garments, allowing Southwest Airlines employees to mix and match the garments. Cintas further admits that the uniforms it agreed to provide for Southwest Airlines' female employees included various articles of clothing, including, but not limited to, shorts, slacks, polos, blouses in multiple colors, skirts, and dresses. Cintas further admits that it agreed to provide for Southwest Airlines' male employees various articles of clothing, including, but not limited to, shorts and slacks, polo and button-down shirts, as well as vests and ties. Cintas further admits that jackets were available for both men and

women.   Except as expressly admitted, Cintas denies any and all remaining allegations in Paragraph 22.

23.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and, therefore, denies such allegations.

24.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, therefore, denies such allegations.

25.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and, therefore, denies such allegations.

26.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and, therefore, denies such allegations.

27.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, therefore, denies such allegations.

28.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, therefore, denies such allegations.

29.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, therefore, denies such allegations.

30.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies such allegations.

31.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, therefore, denies such allegations.

32.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, therefore, denies such allegations.

33.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, therefore, denies such allegations.

34.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, therefore, denies such allegations.

35.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and, therefore, denies such allegations.

36.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, therefore, denies such allegations.

37.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, therefore, denies such allegations.

38.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and, therefore, denies such allegations.

39.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and, therefore, denies such allegations.

40.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and, therefore, denies such allegations.

41.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, therefore, denies such allegations.

42.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, therefore, denies such allegations.

## CLASS ACTION ALLEGATIONS

43.     Cintas admits that Plaintiffs seek to represent the class defined in Paragraph 43. Cintas denies that class treatment of Plaintiffs' claims is appropriate and that the definitions and

descriptions of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

44.     Cintas admits that Plaintiffs purport to exclude certain persons from the class as defined in Paragraph 44.  Cintas denies that class treatment of Plaintiffs' claims is appropriate and that the definitions and descriptions of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

45.     Paragraph 45 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 45 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 46 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

47.     Paragraph 47 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 47 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

48.     Paragraph 48 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 48 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

49.     Paragraph 49 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 49 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

## FIRST CAUSE OF ACTION
### (Negligence)

50.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

51.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

52.     Paragraph 52 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 52.

53.     Cintas denies the allegations in Paragraph 53.

54.     Cintas denies the allegations in Paragraph 54.

55.     Cintas denies the allegations in Paragraph 55.

## SECOND CAUSE OF ACTION
### (Strict Design Defect)

56.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

57.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

58.     Cintas admits that it contracted with third parties to manufacture uniforms for Southwest Airlines, and that it distributed, marketed, and sold those uniforms according to the terms of its agreement with Southwest Airlines.  Except as expressly admitted, Cintas denies the allegations in Paragraph 58.

59.     Cintas denies the allegations in Paragraph 59.

60.     Cintas denies the allegations in Paragraph 60.

61.     Cintas denies the allegations in Paragraph 61.

62.     Cintas denies the allegations in Paragraph 62.

63.     Cintas denies the allegations in Paragraph 63.

64.     Cintas denies the allegations in Paragraph 64.

## THIRD CAUSE OF ACTION
### (Strict Design Defect)

65.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

66.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

67.     Cintas denies the allegations in Paragraph 67.

68.     Cintas denies the allegations in Paragraph 68.

## FOURTH CAUSE OF ACTION
### (Strict Design Defect)

69.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

70.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

71.     Cintas denies the allegations in Paragraph 71.

72.     Cintas denies the allegations in Paragraph 72.

73.     Cintas denies the allegations in Paragraph 73.

9

74.     Cintas denies the allegations in Paragraph 74.

75.     Paragraph 75 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 75.

76.     Paragraph 76 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas admits that it contracted with third parties to manufacture Southwest Airlines uniforms.  Cintas also admits that it distributed, marketed, and sold these uniforms according to the terms of its agreement with Southwest Airlines.  Except as expressly admitted, Cintas denies the allegations in Paragraph 76.

77.     Cintas denies the allegations in Paragraph 77.

78.     Cintas denies the allegations in Paragraph 78.

79.     Cintas denies the allegations in Paragraph 79.

80.     Cintas denies the allegations in Paragraph 80.

### FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)

81.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

82.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

83.     Paragraph 83 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 83.

84.     Paragraph 84 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 84.

85.     Paragraph 85 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 85.

86.     Cintas denies the allegations in Paragraph 86.

87.     Paragraph 87 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 87.

88.     Cintas denies the allegations in Paragraph 88.

**SIXTH CAUSE OF ACTION**
**(Breach of Implied Warranty)**

89.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

90.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

91.     Paragraph 91 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 91.

92.     Paragraph 92 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 92.

93.     Paragraph 93 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 93.

94.     Paragraph 94 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 94.

95.     Paragraph 95 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 95.

96.     Cintas denies the allegations in Paragraph 96.

97.     Cintas denies the allegations in Paragraph 97.

## SEVENTH CAUSE OF ACTION
### (Violation of the Magnuson-Moss Warranty Act)

98.     Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

99.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

100.    Paragraph 100 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 100.

101.    Paragraph 101 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 101.

102.    Paragraph 102 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 102.

103.    Paragraph 103 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 103.

104.    Cintas denies the allegations in Paragraph 104.

105.    Cintas denies the allegations in Paragraph 105.

106.    Cintas denies the allegations in Paragraph 106.

107.    Cintas denies the allegations in Paragraph 107.

## EIGHTH CAUSE OF ACTION
### (Injunctive Relief)

108.    Cintas incorporates by reference each response to the preceding Paragraphs, as if fully set forth herein.

109.     Cintas admits that Plaintiffs purport to bring this claim on their own behalf and as a class action.  Cintas denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

110.     Cintas denies the allegations in Paragraph 110.

111.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and, therefore, denies such allegations.

112.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and, therefore, denies such allegations.

113.     Cintas denies the allegations in Paragraph 113.

114.     Cintas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and, therefore, denies such allegations.

115.     Cintas denies the allegations in Paragraph 115.

116.     Cintas denies the allegations in Paragraph 116.

117.     Cintas denies the allegations in Paragraph 117.

118.     Cintas admits that Plaintiffs seek an injunction creating a Court-supervised, defense-funded medical monitoring program.  Except as expressly admitted, Cintas denies any and all remaining allegations in Paragraph 118.

119.     Paragraph 119 asserts legal conclusions to which no response is required.  To the extent a response is required, Cintas denies the allegations in Paragraph 119.

120.     Cintas denies the allegations in Paragraph 120.

### **PRAYER FOR RELIEF**

Cintas denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief requested in the Amended Complaint.  Cintas further denies that class certification is

appropriate and that any claims in this action are appropriate for class treatment. Except as expressly admitted, Cintas denies any and all remaining allegations in Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

Cintas sets forth below its affirmative defenses. By setting forth these affirmative defenses, Cintas does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for negligence.

### THIRD AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for strict design defect.

### FOURTH AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for manufacturing defect.

### FIFTH AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for failure to warn.

### SIXTH AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for breach of express warranty.

## SEVENTH AFFIRMATIVE DEFENSE

Depending on which state law applies to a Plaintiff's claims, the Amended Complaint fails to plead the elements required to state a claim for breach of implied warranty.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted may not be certified or maintained as a class action because doing so would abridge Cintas' right to challenge each putative class member's claim on individualized issues under each state's applicable legal standard, including on issues such as exposure, causation and medical history, among others.

## NINTH AFFIRMATIVE DEFENSE

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because, *inter alia*, Plaintiffs are not adequate representatives, Plaintiffs' claims are not typical or common of claims of proposed class members, the claims of Plaintiffs and members of the proposed class are subject to unique facts and defenses (such as individual medical diagnoses), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable. Moreover, certification of the proposed class would result in the denial of due process to Cintas, as well as to the proposed class.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members have suffered no actual injury in fact, and therefore lack standing to assert any claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and equitable estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged therein may be barred to the extent Plaintiffs and/or member of the proposed class have released such claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, if any members of the proposed class have resolved the same or similar claims as those alleged in Plaintiffs' Amended Complaint on the ground that they are subject to the defense of accord and satisfaction.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims asserted are barred because of the methods, standards, and techniques of designing, manufacturing, and labeling the uniforms at issue complied with and conformed to the generally recognized state-of-the-art methods at the time such uniforms were designed, manufactured, and labeled.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged herein may be barred, in whole or in part, because any alleged injuries and damages of Plaintiffs and/or members of the proposed class were proximately caused, in whole or in part, by their own acts or omissions or those of third parties, and any recovery by Plaintiffs and/or members of the proposed class should be barred or reduced by an amount proportionate to the amount by which their own conduct or that of third parties contributed to their alleged injuries and damages.

16

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, because Cintas did not directly or proximately cause or contribute to any damage, loss, or injury allegedly sustained by Plaintiffs and/or members of the proposed class or that Plaintiffs and/or members of the proposed class seek to recover in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, because any damage, loss, or injury allegedly sustained by Plaintiffs and/or members of the proposed class was directly or proximately caused by independent intervening and superseding causes.

**NINETEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint for damages and/or other monetary recovery by Plaintiffs and/or members of the proposed class must be offset and reduced by the value received by the Plaintiffs and/or members of the proposed class from Cintas.

**TWENTIETH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint for damages and/or other monetary recovery by Plaintiffs and/or members of the proposed class are barred, in whole or in part, because Plaintiffs and/or members of the proposed class failed to mitigate any injuries or damages allegedly suffered.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The claims in this matter should be severed, as it is impractical, inefficient, and improper to join over 20,000 individual Plaintiffs with unrelated injuries allegedly resulting from wearing different garments in different ways and for different durations of time in one action before this Court.

17

## <u>TWENTY SECOND AFFIRMATIVE DEFENSE</u>

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by the amounts that have already indemnified Plaintiffs, or will in the future with reasonable certainty indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss from any collateral source including but not limited to insurance, social security, worker's compensation, or employee benefit program.

## <u>TWENTY THIRD AFFIRMATIVE DEFENSE</u>

The equitable claims and remedies asserted in the Amended Complaint are barred because Plaintiffs allege an adequate remedy at law.

## <u>TWENTY FOURTH AFFIRMATIVE DEFENSE</u>

The claim for medical monitoring is barred to the extent each Plaintiff and putative class member's home state has not recognized this cause of action or has allowed medical monitoring in limited circumstances that do not apply to each Plaintiff and putative class member's claim.

## <u>TWENTY FIFTH AFFIRMATIVE DEFENSE</u>

The claims asserted are barred, in whole or in part, because the acts or omissions alleged to have been performed by Cintas were done in good faith.

## <u>TWENTY SIXTH AFFIRMATIVE DEFENSE</u>

If Plaintiffs suffered any damages, and such damages were proximately or legally caused by the negligence of Plaintiffs, or of parties other than Cintas, any award must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiffs and of parties other than Cintas, including both economic and non-economic damages.  To assess any greater percentage of fault and damages than their own against Cintas would constitute a denial of equal protection of the law and due process which is guaranteed by the United States Constitution.

## <u>TWENTY SEVENTH AFFIRMATIVE DEFENSE</u>

Cintas serves notice that it intend to rely upon and assert all defenses that may become known or available during the course of this litigation and hereby reserves the right to amend this Answer and these Affirmative Defenses to assert any and all such defenses.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Cintas respectfully requests that the Amended Complaint be dismissed with prejudice and that Cintas be awarded its costs, attorneys' fees, and any other relief which this Court deems just and proper.

Respectfully submitted,

*/s/ William A. Posey*
William A. Posey (0021821)
Drew M. Hicks (0076481)
William N. Minor (0084153)
Bryce J. Yoder (0089816)
KEATING MUETHING & KLEKAMP PLL
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: 513.579.6400
Fax: 513.579.6457
wposey@kmklaw.com
dhicks@kmklaw.com
wminor@kmklaw.com
byoder@kmklaw.com

*Attorneys for Defendant, Cintas Corp. No. 2*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 18, 2021, I electronically filed the foregoing using the Court's CM/ECF system.  Electronic notification will be sent to all parties/attorneys of record by operation of the Court's electronic filing system.

/s/ *William A. Posey*
William A. Posey

10676471