IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| THOMAS BEARUP, JR., et al., | : | Case No. 1:21-cv-151 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| CINTAS CORP. NO. 2, | : | |
| Defendant. | : | |

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO STRIKE CLASS ALLEGATIONS (Doc. 39)**

This matter is before the Court on Defendant's motion to strike class allegations (Doc. 39) and Plaintiffs' motion for leave to add new plaintiffs to the class action complaint (Doc. 45).

**I**

Defendant Cintas Corp. No. 2 supplies companies with corporate uniforms. (First Amended Class Complaint, Doc. 15, ¶ 17.) Plaintiffs are employees of Southwest Airlines. (*Id.* at ¶ 1.) Southwest and Cintas worked together to create the design of some new uniforms for Southwest employees. (*Id.* at ¶¶ 19, 20.) The new clothing collection included 75 separate pieces, allowing employees to mix and match their garments. (*Id.* at ¶ 22.) The uniform collection launched in June 2017. (*Id.* at ¶ 23.) But after the launch of the new uniforms, Southwest employees allegedly began experiencing adverse health reactions, including rashes, fatigue, hair loss, and trouble breathing. (*Id.* at ¶ 24.)

1

Plaintiffs bring this action on behalf of themselves and others similarly situated.

## II

### A

Rule 23 of the Federal Rules of Civil Procedure governs federal class actions. To obtain class certification, a lead plaintiff must satisfy each of the four requirements in Rule 23(a) and also satisfy the prerequisites of at least one of the three types of class actions provided for by Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Failure to satisfy either set of requirements precludes class certification. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011).

If a defendant moves to dismiss the class allegations before discovery, the district court evaluates the motion using a standard similar to the one it uses when considering a Rule 12(b)(6) motion to dismiss. *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 269 (W.D. Wis. 2013). The burden for striking a pleading is onerous, especially for class claims. *Rodriguez v. Life Time Fitness, Inc.*, No. 2:18-CV-1123, 2019 WL 4674863, at *3 (S.D. Ohio Sept. 25, 2019). If the complaint does not allege facts that satisfy Rule 23's demands, a district court may strike class action allegations before the motion to certify the class. *See Pilgrim*, 660 F.3d at 949; *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244 (S.D. Ohio 2017); *Glass v. Tradesmen Int'l, LLC*, 505 F. Supp. 3d 747, 764 (N.D. Ohio 2020). If further discovery will not cure the class allegations' central defect, the court may strike the class allegations. *Smith v. Cash Am. Int'l, Inc.*, No. 1:15-CV-00760-MRB, 2019 WL 2352921, at *2 (S.D. Ohio June 4, 2019). Just as certifying a class requires "rigorous analysis," so too does the decision to strike class allegations. *Pilgrim*, 660 F.3d at 949

(quoting *Falcon*, 457 U.S. at 160). The court must sometimes "probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160. Accordingly, courts in this circuit have "applied caution" when ruling on motions to strike class allegations before class certification briefing. *Glass*, 505 F. Supp. 3d at 765 (collecting cases).

Cintas argues that Plaintiffs cannot satisfy the requirements of Rule 23(a) or Rule 23(b) — specifically Rule 23(b)(3)'s "demanding" requirement that common questions of law or fact predominate over individualized questions. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 624 (1997). It argues that claims involving personal injury and medical issues are not suitable for class treatment. Cintas relies heavily on *Colley v. Procter & Gamble Co.*, No. 1:16-CV-918, 2016 WL 5791658 (S.D. Ohio Oct. 4, 2016), a case involving several deodorant products that allegedly caused injury to consumers. In *Colley*, for various reasons, this Court struck the class allegations.

Here, the Court finds it prudent to assess class certification after discovery and based on full class certification briefing. *See Geary v. Green Tree Servicing, LLC*, No. 2:14-CV-00522, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015). The Court reaches this conclusion after careful consideration of the complaint's allegations. The allegations in Plaintiffs' complaint sufficiently plead facts that support the chance of, with the support of discovery, satisfying the necessary Rule 23(a) and (b) requirements. So the factual allegations, as of this early stage, gain passage to discovery and class certification briefing. Reasons why follow.

B

The complaint lays out adequate factual content relating to the Rule 23(a) elements. On numerosity, according to the complaint, although the exact number of potential class members is unknown, the class—flight attendants and operations agents working for Southwest Airlines—likely consists of thousands of individuals. (First Amended Class Action Complaint, Doc. 15, ¶¶ 1, 45.) Cintas does not challenge numerosity.

As for commonality and typicality, the Supreme Court has said that these two requirements "tend to merge. Both serve as guideposts for determining" whether a class action is economical under the particular circumstances. *Dukes*, 564 U.S. at 350, n. 5 (quoting *Falcon*, 457 U.S. at 157–158, n. 13). The complaint alleges that the class claims present common questions of law and fact, such as whether the uniforms caused adverse health reactions and whether Cintas is liable under various legal theories. (First Amended Class Action Complaint, Doc. 15, ¶ 46.) Plaintiffs also complain of adverse health reactions from wearing the uniforms; the class members were required to wear uniforms; so Plaintiffs' claims are typical of the claims of the class. (*Id.* at ¶ 47.)

Cintas argues that individual issues here outweigh common issues. Plaintiffs have different injuries and the uniform includes dozens of piece of clothing with a great number of mix-and-match variations. When determining commonality, however, even a single common question suffices. *Dukes*, 564 U.S. at 359. And, here, a common question is whether the pieces of the class members' uniforms caused injury. Given the early stage, the Court finds it prudent to "probe behind the pleadings" and wait for class certification

briefing, to determine whether certification is appropriate. *Falcon*, 457 U.S. at 160.

Cintas also argues that various state laws apply here, defeating commonality. Plaintiffs counter that they have been unable to view Cintas's contract with Southwest regarding the uniforms. In its reply brief, Cintas attached the contract and recognized that Texas law applies. But this is of no consequence, Cintas argues, because that choice-of-law provision raises the issue of whether Plaintiffs are third-party beneficiaries and whether the choice-of-law provision is broad enough to encompass their claims. This is all too much to resolve without discovery and certification briefing, especially on an argument that comes in a reply brief without a surreply.

Finally, regarding adequacy, the complaint alleges that Plaintiffs have no interests that are antagonistic to those of the class, Cintas has no defenses unique to Plaintiffs, and Plaintiffs have retained trial counsel competent in class action litigation. (First Amended Class Action Complaint, Doc. 15, ¶ 48.) The representative parties, then, will at least allegedly fairly and adequately protect the class members' interests. For these reasons, the complaint makes allegations sufficient to plead the Rule 23(a) requirements. It is not possible for this court, at this early stage and before discovery, to perform the rigorous analysis required of it to resolve the class-certification question in the negative. *See Pilgrim*, 660 F.3d at 949 (quoting *Falcon*, 457 U.S. at 160).

C

In addition to satisfying Rule 23(a), a class must also satisfy one of the categories in Rule 23(b). *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012). When a case will require many individual inquiries, a class action is not the superior form of

adjudication. *Id.* at 545. In many product liability actions, because no single incident has occurred to cause similar physical harms, individual issues may outnumber common ones. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1084 (6th Cir. 1996). It is also true, however, that when a threshold issue is common to all class members, class litigation is "greatly preferred." *Id.* (citing *Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006)). When determining whether common issues predominate, a court is under a duty to consider the relationship between the common and individual issues. *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kane, Federal Practice and Procedure: Civil, § 1778 (2d ed. 1986)). Discovery helps a court determine the relative weight and importance of the common and individual issues. *Black v. Gen. Info. Servs., Inc.*, No. 1:15 CV 1731, 2016 WL 899295, at *4 (N.D. Ohio Mar. 2, 2016).

Cintas asserts that, for purposes of Rule 23(b)(3), individual questions of fact predominate over common ones. Which of the 75 different uniform pieces caused the injuries? How was each class member injured? And what states' laws apply? To support its argument, Cintas points to *Colley*. In *Colley*, however, the plaintiffs had brought claims relating to thirteen different deodorant products, each of which had a distinct fragrance composition. Thus, there was no "single course of conduct." *Colley*, 2016 WL 5791658, at *6 (quoting *Amchem*, 521 U.S. at 624). Here, little is yet known of the composition of the uniforms. What about the number of different garments and variety of possible outfits? Yes, class members had 75 different pieces of clothing to choose from, and liability in this case may involve asking which of the 75 different uniform pieces each class member

6

wore. But discovery may reveal whether all items of clothing contained the same properties that allegedly caused the adverse health reactions in the class members. If so, the differences between the various items of clothing may not be as relevant.

As for the question of different injuries and damages, the Court will reserve consideration of that issue on a fuller record. The reason: "It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013). And, here, before foreclosing the way forward for Plaintiffs entirely, the Court finds it prudent to rule on the matter on full class certification briefing. *E.g., Falcon*, 457 U.S. at 160; *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 516 (S.D. Ohio 2012); *Geary*, 2015 WL 1286347, at *17. On the applicable law question, the same reluctance expressed in the commonality and typicality analysis above applies here. For all these reasons, the Court is not yet able to fully consider the relative weight of the individual and common issues and resolve Rule 23(b)(3) certification.

Cintas is correct, however, that Plaintiffs cannot certify a class under Rule 23(b)(2). Rule 23(b)(2) does not authorize class certification when each class member would be entitled to an individualized award of money damages. *Dukes*, 564 U.S. at 360-61. Plaintiffs do not deny that that is what they seek. Accordingly, Plaintiffs are foreclosed from pursuing class certification under Rule 23(b)(2).

III

Plaintiffs move to add 58 new plaintiffs. Rule 21 permits a district court to, "at any

7

time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 15 permits amendments to pleadings on the court's leave. Cintas does not oppose the motion. (Reply, Doc. 48, Pg. ID 131.) The prospective plaintiffs are Southwest employees and complain of similar injuries as the current plaintiffs. For just cause, the Court grants the motion.

IV

For the reasons explained above, the Court orders as follows:

(1) The Court **DENIES IN PART** and **GRANTS IN PART** Cintas's motion to strike class allegations (Doc. 39). The motion is **DENIED** to the extent Plaintiffs seek to certify a Rule 23(b)(3) class. The motion is **GRANTED** to the extent Plaintiffs seek to certify a Rule 23(b)(2) class.

(2) The Court **GRANTS** Plaintiffs' motion for leave to add new plaintiffs to the class action complaint (Doc. 45). Plaintiffs shall file the appropriate filing or amended pleadings within **FOURTEEN (14) DAYS** of the entry of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND