IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| THOMAS BEARUP, JR. et al., | : | Case No. 1:21-cv-151 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| CINTAS CORP. NO. 2, et al., | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISSAL PLAINTIFF SONIA BOTTONA FOR FAILURE TO PROSECUTE (Doc. 104)

This matter is before the Court on Defendant Cintas Corporation No. 2's Motion to Dismiss Plaintiff Sonia Bottona for Failure to Prosecute (Doc. 104). Plaintiff Bottona did not file a response in opposition, and the time to do so has passed. Thus, this matter is ripe for review. For the following reasons, the Court **GRANTS** Defendant Cintas Corporation No. 2's Motion to Dismiss Plaintiff Sonia Bottona for Failure to Prosecute (Doc. 104).

### BACKGROUND

Plaintiff Sonia Bottona joined this case as part of a Class Action Complaint, along with twenty-four additional Named Plaintiffs, on October 20, 2020. (*See* Am. Compl., Doc. 15.) In the early stages of discovery, Defendant Cintas Corporation No. 2 ("Cintas") noted that Bottona's responses were "deficient," and that her interrogatory responses stated that "she would supplement her answers as her investigation continued." (Motion to

Dismiss, Memorandum in Support, Doc. 104-1, Pg. ID 1699.) She never supplemented these responses. (*Id.*) Bottona also failed to produce any responsive documents to Cintas's Requests for Production. (*Id.*) Further, Bottona's attorneys made multiple attempts to obtain her cooperation in discovery, including a written request notifying her of a deadline by which to respond. (Motion to Withdraw, Memorandum in Support, Doc. 103-1, Pg. ID 1692.) And, her attorneys attempted several times to contact her via telephone to discuss the case, to no avail. (*Id.*) Given Bottona's failure to cooperate with both her own and Cintas's attorneys and her failure to engage adequately in the discovery process, her counsel filed a Motion to Withdraw as Attorney (Doc. 103), which this Court granted (Notation Order, January 3, 2025). Bottona has not notified the Court of any new counsel she has retained. Cintas then moved to dismiss Bottona for lack of prosecution. (*See* Motion, Doc. 104.)

## LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss the action "[i]f the plaintiff fails to prosecute" the case. A dismissal under this rule "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Sixth Circuit has a four-prong test to assess whether to dismiss a case with prejudice under Rule 41(b). *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023). The factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered." *Id.*

Given Bottona's failure to cooperate and communicate both with her former counsel and opposing counsel, and failure to respond to the Court regarding new counsel, the four factors weigh heavily in favor of dismissal. The Court finds that Bottona has failed to prosecute her case. Accordingly, Cintas's Motion to Dismiss for Lack of Prosecution (Doc. 104) is **GRANTED**. Plaintiff Sonia Bottona's claims are **DISMISSED WITH PREJUDICE.** Further, as the Court had lifted the stay in this matter to allow for Defendant Cintas to file this Motion to Dismiss, the Court now **STAYS** this matter again, pending mediation.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND