IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| THOMAS BEARUP, et al., | : | Case No. 1:21-cv-151 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| CINTAS CORPORATION, et al., | : | |
| Defendants. | : | |

### ORDER DENYING PLAINTIFF'S MOTION TO VACATE (Doc. 93)

This matter is before the Court on Plaintiff Catherine McGovern's Motion to Vacate Dismissal (Doc. 93). Defendants filed a Response in Opposition (Doc. 95), to which Plaintiff filed a Reply in Support (Doc. 96). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion to Vacate (Doc. 93) is **DENIED**.

### BACKGROUND

Plaintiffs' counsel moved to withdraw as counsel for Plaintiff Catherine McGovern, along with other former plaintiffs, on November 30, 2023, for failure to cooperate and communicate with counsel in the litigation of their claims. (Motion to Withdraw, Doc. 70.) The Motion was served on Plaintiff the same day by first-class mail to her address on file. (*Id.*) On January 2, 2024, the Court granted the Motion to Withdraw. (Order, Doc. 75.) Defendant Cintas Corporation No. 2 then moved to dismiss Plaintiff for lack of prosecution on January 26, 2024. (Doc. 76.) Like the Motion to Withdraw, the Motion to Dismiss was served on Plaintiff the same day by first-class mail. (*Id.*) Plaintiff

did not respond to the Motion to Dismiss. Over a month after the deadline to respond, on March 22, 2024, the Court ordered Plaintiff to show cause, within fourteen days, why she should not be dismissed for failure to prosecute. (Order to Show Cause, Doc. 77.) The Court sent this Order via certified mail to Plaintiff's address on file, the same address to which counsel for both parties had mailed their Motions. (Mailing Notice, Doc. 78, Pg. ID 1569.) Plaintiff received this Order on March 28, 2024, and signed the return receipt, acknowledging service. (Acknowledgment of Service, Doc. 80; *see also* Motion to Vacate, Doc. 93.)

On April 5, 2024, the deadline to respond to the Court's Order to Show Cause, Plaintiff's former counsel entered his appearance on behalf of Plaintiff, indicating Plaintiff had retained counsel. (Notice of Appearance, Doc. 85.) However, Plaintiff did not respond to the Order by the April 5, 2024, deadline, or request additional time to do so given her recent retention of counsel. The Court granted Defendant's Motion and dismissed her from the case on April 22, 2024. (Order, Doc. 90.) Finally, on May 3, 2024, Plaintiff moved to vacate the Court's order dismissing her from the case. (Motion to Vacate, Doc. 93.)

## LAW

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

2

party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. With this standard in mind, "[r]elief under Rule 60(b) is the exception, not the rule, and [courts] are guided by the constraints imposed by a public policy favoring finality of judgments and termination of litigation." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (cleaned up). And, a party seeking relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability — that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628-29. Courts look to the following factors in assessing a lack of culpability: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). Moreover, clients are held accountable for their attorneys' acts and omissions. *Yeschick*, 675 F.3d at 629 (citing *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594-95 (6th Cir. 2002)).

"Particularly strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief only in exceptional circumstances where principles of equity mandate relief." *Franklin*, 839 F.3d at 472 (cleaned up). There is a dearth of case law analyzing Rule 60(b)(6) relief because "almost every conceivable ground for relief is covered under the first three subsections of Rule 60(b)." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The grounds for relief under Rule 60(b)(6) must include "unusual and extreme situations where principles of equity mandate relief." *Id.* Parties seeking relief under this rule must still file their motion within a reasonable time. This question of timeliness involves is a fact-dependent analysis that includes the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Id.*

## ANALYSIS

Plaintiff contends that she is entitled to relief under either Rule 60(b)(1) or (b)(6). (Reply, Doc. 96, Pg. ID 1647.) The Court will consider each argument in turn.

### I. Rule 60(b)(1)

To start, Plaintiff alleges that she is entitled to relief because she made an "excusable litigation mistake," pursuant to Rule 60(b)(1). (Reply, Doc. 96, Pg. ID 1650; *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).) In her Motion and Declaration, Plaintiff states that, for the last few years, she dealt with significant harassment and stalking, which caused her significant stress and anxiety. (Reply, Doc. 96, Pg. ID 1648-49; *see also* Declaration, Doc. 96-1.) This situation required her to change her phone number and email address multiple times, which explains why her attorneys

4

could not contact her. (Reply, Doc. 96, Pg. ID 1648-49.) She also suffered health issues during this time. (*Id.*) Plaintiff claims that, because of the stress she had been under, she forgot to notify her attorneys of her new contact information. (*Id.*) This, she asserts, equates to an excusable litigation mistake and entitles her to relief under Rule 60(b)(1).

However, in her argument for relief under Rule 60(b)(1), Plaintiff does not discuss in depth the three factors for relief: culpability, prejudice to the other party, and merit of underlying claims. In fact, she cannot even reach culpability. She states that she had an excusable mistake because of the several serious issues she faced. But, this blanket statement does not equal analysis of the factors required for a finding of culpability: (1) danger of prejudice to [the non-moving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. While Plaintiff does discuss prejudice to Defendant in her discussion of whether dismissal was appropriate, she does not discuss it in the context of her culpability. (Reply, Doc. 96, Pg. ID 1652.) Nor does she discuss any of the remaining three factors in depth.

Furthermore, while Plaintiff may have new contact information, she did not change her address. She received the Court's Order to Show Cause. (Acknowledgment of Service, Doc. 80; Reply, Doc. 96, Pg. ID 1649.) When her attorney entered an appearance on the deadline to respond to that Order, he did not also request additional time to do so. Plaintiff, in response, could then have apprised the Court and opposing counsel of the circumstances causing her non-response, before the Court entered its final Order of Dismissal. However, she waited until two weeks after the Court's dismissal, a month

5

after her attorney entered an appearance, before moving to vacate the Court's Order. (Motion, Doc. 93.) While a two-week period between the Order and Plaintiff's Motion is not unreasonable, the Court finds it unreasonable that Plaintiff did not respond to the Court's Order to Show Cause, or provide justification for her lack of response. These facts discredit Plaintiff's claim of excusable neglect. And, without showing a lack of culpability, the Court need not reach the remaining factors. *Leszyczynski v. Home Depot USA, Inc.*, No. 18-13432, 2020 WL 7021698, at *4 (E.D. Mich. Nov. 30, 2020). Plaintiff has not shown by clear and convincing evidence that she is entitled to relief under Rule 60(b)(1).

## II. Rule 60(b)(6)

Plaintiff also argues that if the Court does not afford her relief under Rule 60(b)(1), then she should be entitled to relief under Rule 60(b)(6). As mentioned, this ground for relief has a stricter standard that requires extreme and unusual circumstances. *Olle*, 910 F.2d at 365. However, Plaintiff has not shown by clear and convincing evidence that she meets this standard. Again, Plaintiff merely reiterates in her analysis that she has endured terrible circumstances "at the hands of the individual who has stalked her and her family for over three years." (Reply, Doc. 96, Pg. ID 1650-51.) While the Court sympathizes with Plaintiff, it does not find that her circumstances meet the level of extreme and unusual circumstances to justify such extraordinary relief. Moreover, given the opportunity Plaintiff had to respond to the Court's Order to Show Cause before she was dismissed, the Court does not find that her circumstances mandate relief under Rule 60(b)(6). *Olle*, 910 F.2d at 365.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff Catherine McGovern's Motion to Vacate (Doc. 93).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
