# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| THOMAS BEARUP, et al., | : | Case No. 1:21-cv-151 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| CINTAS CORPORATION, et al., | : | |
| Defendants. | : | |

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 110)**

---

This matter is before the Court on Plaintiff Catherine McGovern's Motion for Reconsideration (Doc. 110). Defendants filed a Response in Opposition (Doc. 113), to which Plaintiff filed a Reply in Support (Doc. 114). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion for Reconsideration (Doc. 110) is **DENIED**.

## BACKGROUND

Plaintiffs' counsel moved to withdraw as counsel for Plaintiff Catherine McGovern, along with other former plaintiffs, on November 30, 2023, for failure to cooperate and communicate with counsel in the litigation of their claims. (Motion to Withdraw, Doc. 70.) The Motion was served on Plaintiff the same day by first-class mail to her address on file. (*Id.*) On January 2, 2024, the Court granted the Motion to Withdraw. (Order, Doc. 75.) Defendant Cintas Corporation No. 2 then moved to dismiss Plaintiff for lack of prosecution on January 26, 2024. (Doc. 76.) Like the Motion to Withdraw, the

Motion to Dismiss was served on Plaintiff the same day by first-class mail. (*Id.*) Plaintiff did not respond to the Motion to Dismiss. Over a month after the deadline to respond, on March 22, 2024, the Court ordered Plaintiff to show cause, within fourteen days, why she should not be dismissed for failure to prosecute. (Order to Show Cause, Doc. 77.) The Court sent this Order via certified mail to Plaintiff's address on file, the same address to which counsel for both parties had mailed their Motions. (Mailing Notice, Doc. 78, Pg. ID 1569.) Plaintiff received this Order on March 28, 2024, and signed the return receipt, acknowledging service. (Acknowledgment of Service, Doc. 80; *see also* Motion to Vacate, Doc. 93.)

On April 5, 2024, the deadline to respond to the Court's Order to Show Cause, Plaintiff's former counsel entered his appearance on behalf of Plaintiff, indicating Plaintiff had retained counsel. (Notice of Appearance, Doc. 85.) However, Plaintiff did not respond to the Order by the April 5, 2024, deadline, or request additional time to do so given her recent retention of counsel. The Court granted Defendant's Motion and dismissed Plaintiff from the case on April 22, 2024. (Order, Doc. 90.) Then, on May 3, 2024, Plaintiff moved to vacate the Court's order dismissing her from the case under Federal Rule of Civil Procedure 60. (Motion to Vacate, Doc. 93.) The Court denied Plaintiff's Motion. (Order, Doc. 109.) Now, Plaintiff has filed a Motion for Reconsideration (Doc. 110) of the Court's Order denying her Motion to Vacate (Doc. 109).

## LAW

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Motions for reconsideration "serve a limited purpose and should be

2

granted only for three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *PHH Mortg. Servs. v. Higgason*, No. 6:06-157, 2006 WL 2135497, at *1 (W.D. Ky. July 28, 2006) (cleaned up). The party seeking reconsideration "cannot simply seek a second bite of the apple and it bears the burden of demonstrating the existence of a manifest error of fact or law." *Id.* (cleaned up). As such, motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Dantz v. Apple Am. Grp., LLC*, No. 5:04-CV-60, 2006 WL 2850459, at *1 (N.D. Ohio Sept. 29, 2006).

## ANALYSIS

Plaintiff brings a motion for reconsideration of the order dismissing her. (Motion, Doc. 110.) Specifically, Plaintiff seeks be dismissed without prejudice, which she claims is necessary to avoid "manifest injustice" that would occur if she were to remain dismissed with prejudice. (Motion Memorandum, Doc. 110-1, Pg. ID 1735, 1737.) Manifest injustice occurs when a court's decision was "based on a clear error of law, such as a wholesale disregard, misapplication of, or failure to recognize controlling precedent." *Wade v. Franklin Cnty., Ohio*, No. 2:21-CV-305, 2024 WL 3163814, at *1 (S.D. Ohio June 25, 2024). As described below, the Court finds no manifest injustice.

To begin, Plaintiff cites to Federal Rule of Civil Procedure 41(a)(2), which states that, unless the Court's order says otherwise, "a dismissal under this paragraph is without prejudice." (Motion Memorandum, Doc. 110-1, Pg. ID 1735 (quoting Fed. R. Civ.

3

P. 41(a)(2)).) Plaintiff points out that Defendant's Motion to Dismiss requested that she be dismissed with prejudice. (*Id.*; *see also* Motion, Doc. 76.) Meanwhile, the Court's Order dismissing her is silent as to prejudice. (*Id.*; *see also* Order, Doc. 90.) In her Motion, Plaintiff seeks clarification that her dismissal was without prejudice. (Motion Memorandum, Doc. 110-1, Pg. ID 1735.) Defendant correctly points out, however, that Rule 41(a) governs a plaintiff's voluntary dismissal; the Court's Order involuntarily dismissed Plaintiff under Rule 41(b) for failure to prosecute. (Response, Doc. 113, Pg. ID 1755; Court's Order, Doc. 90; Fed. R. Civ. P. 41.) Dismissals under Rule 41(b) "operate[] as an adjudication on the merits," unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). Thus, to the extent that Plaintiff seeks clarification of her dismissal, the Court finds that its Order dismissing her pursuant to Rule 41(b) was a dismissal with prejudice.

In her Reply, though, Plaintiff argues that a dismissal under Rule 41(b) is a "harsh remedy reserved for extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct." (Reply, Doc. 114, Pg. ID 1765 (citing *Offill v. Pennsylvania Life Ins. Co.*, 243 F.R.D. 276, 284 (S.D. Ohio 2007)).) But, Defendant notes that the court in *Offill* clarified that Rule 41(b) dismissals "are reversed under two scenarios: (i) if there was no notice to the plaintiff that the court was contemplating involuntary dismissal; or (i) [sic] if there was no showing of bad faith." (Response, Doc. 113, Pg. ID 1756 (citing *Offill*, 243 F.R.D. at 284).)

Indeed, the Court does not find that Plaintiff's Rule 41(b) dismissal rises to the level of a harsh remedy warranting dismissal; neither scenario contemplated in *Offill* is present in Plaintiff's case. First, Plaintiff had notice of the Court's contemplation of

4

dismissal because the matter was before the Court on Defendant's docketed motion. And, as Defendant has pointed out, Plaintiff's lack of prosecution "demonstrated a clear pattern of bad faith." (Response, Doc. 113, Pg. ID 1756.) The Court's previous Order denying Plaintiff's Motion to Vacate thoroughly outlines the clear pattern of delay from Plaintiff, but, in short, Defendant attempted discovery for over a year before moving for dismissal. (Response, Doc. 113, Pg. ID 1765.) Plaintiff did not respond in any way during that time, making dismissal under Rule 41(b) proper. *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming district court's dismissal after almost a year of plaintiff's nonresponse to defendant's original discovery requests). In fact, Plaintiff herself admits that the period of time from which she was absent was "significant," and recognizes that she and her counsel "could have done more to alert the Court to the circumstances that resulted in her absence." (Reply, Doc. 114, Pg. ID 1764.) Therefore, the Court does not find that its Rule 41(b) dismissal inherently resulted in a manifest injustice.

In further support of her argument, Plaintiff points to *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974) and its progeny, where the Supreme Court held that the statute of limitations for class-actions is tolled for all putative class members, so that if class certification is denied, the putative class members can intervene in the lawsuit as named plaintiffs or bring their own suit. (Motion Memorandum, Doc. 110-1, Pg. ID 1736-37; 414 U.S. at 552-53; *Crown, Cork & Seal Co., Inc., v. Parker*, 462 U.S. 345, 353-54 (1983); *China Agritech v. Michael H. Resh*, 564 U,S, 732, 735 (2018).) Plaintiff argues that the Court's dismissal of her with prejudice denies her the "rights recognized by the Supreme Court in *American Pipe*" and its progeny "to pursue her claims in the future." (Motion

5

Memorandum, Doc. 110-1, Pg. ID 1737.) As such, since the Court failed to rely on controlling precedent, maintaining Plaintiff's dismissal with prejudice would result in a manifest injustice. (*Id.*)

In its Response, Defendant contends that *American Pipe* and its progeny are inapplicable to the issues here. (Response, Doc. 113, Pg. ID 1759.) These cases involve tolling principles, and "timeliness ... is not the issue" with Plaintiff's claims. (*Id.*) Defendant points out that, unlike the putative class members in *American Pipe* and its progeny, Plaintiff was not just a putative class member or a mere named plaintiff who failed in her bid to receive class certification. (*Id.* at Pg. ID 1760.) Rather, "she was a *named plaintiff* who was required to—but failed to—prosecute her claims and the putative class's claims with reasonable diligence." (*Id.* (citing *United States v. Cutter*, No. 95-487, 1999 U.S. Dist. LEXIS 2303, at *3 (E.D. Ky. Jan. 29, 1999)).) Defendant paints Plaintiff's argument as an attempt to "take advantage of the *American Pipe* and *Crown, Cork & Seal* tolling rules that are reserved for putative class members who never assumed (and then abandoned) such responsibilities." (*Id.* (quoting Motion Memorandum, Doc. 110-1, Pg. ID 1738) (cleaned up).)

The Court agrees and finds Plaintiff's reliance on *American Pipe* and its progeny unpersuasive, and indeed inapplicable. These cases involve the rights of putative class members who would otherwise be barred from bringing their own claims if class certification fails, but for the tolling of the statute of limitations. Plaintiff is not one of these putative class members. She timely filed her claim as a named plaintiff, but failed to diligently pursue those claims. The holdings in *American Pipe* does not stand for the

principle that a named plaintiff in a class action has an unlimited right to bring her claim again if she, through her own fault, failed to prosecute her claims the first time. Such a finding runs contrary to principles of justice. Thus, the Court's decision was not based on a failure to recognize controlling precedent, because Plaintiff's proffered case law is inapplicable. *See Wade*, 2024 WL 3163814, at *1. No manifest injustice exists in the Court's decision.

Finally, to the extent that Plaintiff reargues her absence from litigation was justified because of the (admittedly) severe circumstances that resulted in her absence, the Court reminds her that a motion for reconsideration is not the time to "take a second bite of the apple." *PHH Mortg. Servs.*, 2006 WL 2135497, at *1. The Court has already considered these circumstances in light of Plaintiff's Motion to Vacate and found that they did not entitle Plaintiff to relief from its Order. Those findings still stand.

\* \* \*

In sum, Plaintiff has failed to show how the Court's dismissal under Rule 41(b) warrants the "extraordinary" relief of reconsideration. *Dantz*, 2006 WL 2850459, at *1. She has not shown how the Court has engaged in any clear error of law rising to the high level of manifest injustice. Therefore, her dismissal under Rule 41(b) remains a dismissal with prejudice.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff Catherine McGovern's Motion for Reconsideration (Doc. 110).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND